IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


BOBBY L. MAGWOOD,

    Plaintiff,

vs.                                  Case No. 4:16cv270-MW/CAS

FLORIDA COURTS, et al.,

    Defendants.

                                 /

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a motion for reconsideration of the Report and Recommendation entered on May 24, 2016.  ECF No. 5.  Mr. Magwood's motion is granted for the purpose of reviewing the prior Report and Recommendation.  ECF No. 4.  Finding the Report and Recommendation correct as entered, the findings of fact are more clearly explained in this Amended Report and Recommendation.  His arguments are addressed below and he now has fourteen more days in which to file objections should he continue to disagree with this recommendation.

Mr. Magwood argues that the recommendation for dismissal was not appropriate because "some of the cases filed in the Pensacola Division were removed from the state court by the defendants." ECF No. 5 at 1. Mr. Magwood does not identify any specific case which was not appropriate for counting as a strike because it was a removal case. The reason is simple: none of the cases relied upon as a "strike" were cases dismissed in the district court and none were removal cases. All cases were initially filed in the Pensacola Division of this Court (case numbers 3:12cv14, 3:12cv140, 3:12cv141, 3:12cv321, and 3:12cv442). Those were not removal cases and his assertion to the contrary is incorrect.

It is true that the Report and Recommendation noted Mr. Magwood had filed eleven cases in this Court, five of which were brought in the Pensacola Division. Those cases were noted, however, because they demonstrate that Mr. Magwood is familiar with the requirement to honestly disclose all prior cases, which he did not do. They were not cited because they were dismissed as "strikes."

In addition, Mr. Magwood contends that because the cases which were appealed to the Eleventh Circuit were not dismissed on the merits, the Eleventh Circuit did not acquire jurisdiction and the cases cannot be counted as strikes. ECF No. 5 at 2. A dismissal for failure to comply with a

court order is the equivalent of failure to prosecute and courts have authority to dismiss a case for those reasons under Federal Rule of Civil Procedure 41(b).  Unless the order of dismissal states otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).  see Link v. Wabash R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).  The Eleventh Circuit had jurisdiction over Mr. Magwood's appeal.  See Magwood v. Secretary, Florida Dep't of Corrs., No. 15-10854, 2016 WL 3268699, at *1 (11th Cir. June 15, 2016).

To the degree Mr. Magwood's arguments are interpreted to argue that a case dismissed without prejudice and with "the option to refile" should not be counted as a strike, that argument is also rejected as erroneous.  See ECF No. 5.  First, Mr. Magwood's district court cases dismissed without prejudice were not counted as strikes for purposes of counting dismissals under § 1915(g).  Second, the Eleventh Circuit held in Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by Jones v. Block, 549 U.S. 199 (2007), that a dismissal *without prejudice* for failure to exhaust administrative remedies and a dismissal *without prejudice* as an abuse of judicial process for failing to disclose prior cases may properly be counted as strikes.  Logan v. Chestnut, No.

3:08-CV-993-J-12JRK, 2011 WL 1419647, at *1 (M.D. Fla. Apr. 13, 2011). That holding was reaffirmed in Allen v. Clark, 266 Fed. Appx. 815, 817 (11th Cir. 2008).  The fact that a case was dismissed without prejudice does not mean that it cannot be counted as a strike.

Plaintiff's case initiating document submitted to this Court titled as a "Petition for Federal Review." ECF No. 1.  Plaintiff generally contends that he has been denied access to various state courts in Florida in violation of his First, Fifth, and Fourteenth Amendment rights.  *Id.*  Plaintiff did not file his "Petition," construed as a civil rights complaint, on the court forms required to be used in this Court.  N.D. Fla. Loc. R. 5.7(A).  Plaintiff also did not disclose his prior litigation history which would have been required had Plaintiff used the court form.  Review of Plaintiff's litigation history is necessary to determine whether Plaintiff's motion seeking leave to proceed with in forma pauperis status, ECF No. 2, should be granted.

Judicial notice is taken that Plaintiff previously filed eleven civil rights cases in this Court.[1]  Many of those cases were dismissed in this Court because Plaintiff failed to comply with court orders and failed to prosecute.

---

[1] Those cases are: case # 3:12-cv-014-MCR-CJK; case # 3:12-cv-140-RV-CJK; case # 3:12-cv-00141-MCR-EMT; case # 3:12-cv-321-LC-CJK; case # 3:12-cv-442-MCR-CJK; case # 4:13-cv-517-RH-CAS; case # 4:14-cv-286-RH-CAS; case # 4:14-cv-313-MW-CAS; case # 4:14-cv-314-MW-CAS; case # 4:14-cv-613-RH-CAS; and case # 5:06-cv-219-RS-EMT.

Several other cases were dismissed because Plaintiff filed notices of voluntary dismissal. Those cases are not counted as strikes, but they demonstrate that Plaintiff is a frequent filer and is familiar with the requirements of filing cases in this Court. He knows that he must honestly disclose his prior cases. Indeed, Plaintiff previously had a case dismissed in this Court as an abuse of judicial process because he did not honestly disclose his prior litigation. *See* case # 3:12cv141. Avoiding use of the complaint form does not avoid the need to accurately disclose all prior cases.

Review of Plaintiff's dismissals and his subsequent appeals demonstrates Plaintiff is not entitled to proceed with in forma pauperis status. Plaintiff filed case number 3:12cv014 which was dismissed on February 20, 2013, for failing to comply with court orders. Plaintiff filed an appeal of that dismissal. The Eleventh Circuit dismissed Plaintiff's appeal because his "challenge to the District Court's dismissal without prejudice of his case "lacks merit." ECF No. 43 of that case. In doing so, the Court noted that his complaint was "dismissed without prejudice," so Mr. Magwood could refile his claims if he desired to do so. *Id.* However, because he now has accumulated three strikes under § 1915(g), he must

pay the filing fee at the time of case initiation. The dismissal by the Eleventh Circuit counts as strike one.

Similarly, Mr. Magwood's appeal of the dismissal of case number 3:12cv140 met with the same result. The Eleventh Circuit noted that his case was dismissed by the District Court without prejudice, after having been warned that failure to file an amended complaint as directed would result in dismissal. The Eleventh Circuit held that "Mr. Magwood's challenge to the District Court's dismissal without prejudice of his case lacks merit" and denied him in forma pauperis status. ECF No. 41 of that case. That dismissal by the Eleventh Circuit counts as strike two.

Mr. Magwood filed case number 3:12cv141 which was dismissed in May 2012 for abuse of the judicial process. Mr. Magwood appealed that dismissal and the Eleventh Circuit dismissed the appeal, specifically finding his appeal was "frivolous." ECF No. 30 of that case. That dismissal by the Eleventh Circuit counts as strike three.

Plaintiff also filed case number 4:14cv314 in the Tallahassee Division which was dismissed in May 2015 for failing to comply with court orders. Plaintiff's appeal was subsequently dismissed by the Eleventh Circuit, once again on the basis that the appeal was "frivolous." ECF No. 57 of that case. That dismissal by the Eleventh Circuit counts as strike four.

Mr. Magwood's dismissals in the district court cannot be counted against him because those dismissals were for failing to comply with court orders.  Daker v. Comm'r, Georgia Dep't of Corr., — F.3d —, No. 14-12139, 2016 WL 2342890, at *5 (11th Cir. May 4, 2016) (holding that dismissal for want of prosecution is not a strike under the PLRA).  However, Mr. Magwood's appeal of those dismissals do count as "strikes" under 28 U.S.C. § 1915(g) because his appeals lacked merit.

Therefore, Mr. Magwood is not permitted to proceed with in forma pauperis status in this case absent allegations he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[2]  He has not raised such allegations and his First Amendment claims for denial of access to the state courts is insufficient to meet the imminent danger exception.

Thus, the in forma pauperis motion, ECF No. 2, should be denied and this case dismissed without prejudice.  Plaintiff may re-file this action if he simultaneously pays the full $400.00 filing fee at the time of case initiation.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

---

[2] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action *or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (emphasis added).

It is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED** without prejudice.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 21, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**